**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

KATRINA LASHAYA HURLEY,      :
                               :
            Plaintiff,          :
                               :
         v.             :     CASE NO.: 7:21-CV-131-WLS
                               :
DANIEL BRIAN DOEHRING,        :
                               :
          Defendant.      :
                               :
_____:

## <u>ORDER</u>

Plaintiff Katrina Hurley, through Counsel, filed a complaint against Defendant Doehring on October 13, 2021. (Doc. 1). Therein, Plaintiff alleges that Plaintiff sustained injuries when Defendant was traveling on Interstate 75 in Turner County, Georgia and pulled a trailer in the center lane, which ended up colliding with Plaintiff's vehicle when she was traveling in the left lane of the same road. (*Id.*)

Summons were also issued to Defendant on October 13, 2021 (Doc. 2). The proofs of service upon Defendant have been docketed as "summons returned executed" (Doc. 3) on October 20, 2021, which include an affidavit of the process server, stating that the server personally served Defendant with summons, a copy of the complaint, and other initial pleading or papers on October 14, 2021.

Since then, no other action has been taken by either Party, and Defendant has not filed his answer or motion in response to Plaintiff's complaint as of entry of this Order. (*See generally* the Docket). Thus, the Court issued an Order (Doc. 4) on January 12, 2023, informing the

Plaintiff that it is her responsibility to prosecute her case and that the failure to do so may result in dismissal of the case. But as of October 11, 2023, the docket shows that no action has been taken by either Party.

A district court may dismiss a plaintiff's claims *sua sponte* pursuant to Federal Rule of Civil Procedure 41(b) or the court's inherent authority to manage its docket. FED. R. CIV. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962). Rule 41(b) permits involuntary dismissal of a plaintiff's claims if she fails to prosecute those claims, fails to comply with the Federal Rules of Civil Procedure or court orders. FED. R. CIV. P. 41(b); *see Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985).

Here, the Court finds that the record—or lack thereof—shows that Plaintiff failed to prosecute her case, despite the Court's Order (Doc. 4) notifying her to do so. The Order (Doc. 4) also advised Plaintiff that failure to prosecute could result in dismissal of her case. (*Id.*) Since October of 2021, neither Plaintiff nor other Party has taken any action in the above-styled matter for the last two (2) years. The Court finds this delay and refusal to comply with the Court's Order (Doc. 4) sufficient to dismiss the case without prejudice. In view of Plaintiff's failure to act or respond to the Court's Order, no lesser sanction will suffice.

Therefore, the case is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

**SO ORDERED,** this _16th_ day of October 2023.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**